UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DILLON SEVERINO,
    *Plaintiff*,

v.

JAMES ROVELLA, et al,[1]
    *Defendants*.

No. 3:22-cv-01529 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Dillon Severino ("Mr. Severino" or "Plaintiff") has sued the State of Connecticut Department of Emergency Services and Public Protection Commissioner, James Rovella, Chief State's Attorney Patrick Griffin, State's Attorney Margaret Kelly, State's Attorney David Applegate, State's Attorney Joseph Corradino, State's Attorney Sharmese Walcott, State's Attorney David Shannon, State's Attorney Michael Gailor, State's Attorney Christian Watson, State's Attorney John Doyle, Jr., State's Attorney Paul Narducci, State's Attorney Paul Ferencek, State's Attorney Matthew Gedandsky, State's Attorney Maureen Platt, State's Attorney Anne Mahoney, Connecticut Board of Firearms Permit Examiners Chairwoman and Board Secretary, Carolyn Futtner, Connecticut Board of Firearms Permit Examiners Board members, Cynthia Conrad, Anthony Iaconis, Gudrun Johnson, Stephen Sanetti, Chris Lewis, and Carl Rosensweig (collectively, "Defendants"), alleging a violation of his due process rights and that Connecticut's pistol permitting laws violate the Second and Fourteenth Amendments. Am. Compl., ECF No. 28 ("Am. Compl.").

---

[1] Consistent with this Court's previous Order, ECF No. 30 (granting the motion to amend the caption), Fernando Spagnolo, Waterbury, Connecticut's Chief of Police, and Ned Lamont, the Governor of the State of Connecticut, have been removed from the caption, and as parties in this case.

Defendants have filed a motion to dismiss Mr. Severino's Amended Complaint. Mot. to Dismiss, ECF No. 33.

For the following reasons, Defendants' motion to dismiss is **GRANTED.** To the extent the deficiencies identified in the factual allegations in Mr. Severino's Amended Complaint can be remedied, he may move for leave to amend the Complaint by **February 23, 2024**.

If no proposed amended pleading is filed by that date, the Court will instruct the Clerk of Court to enter judgement and close this case.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   **A. Factual Allegations**

Around April 2022, Mr. Severino applied for a temporary state pistol permit at the Waterbury Police Department. Am. Compl. ¶ 45.

On September 21, 2022, Chief Spagnolo denied Mr. Severino's pistol permit application and allegedly determined that Mr. Severino "was not a suitable person to lawfully carry pistols or revolvers within the community." *Id*. ¶ 47.

On November 8, 2022, Mr. Severino filed an administrative appeal with Connecticut's Board of Firearms Permit Examiners (the "Board"). *Id*. ¶¶ 39, 57.

On November 14, 2022, Defendant Futtner sent Mr. Severino a letter tentatively scheduling a hearing for May 22, 2025. *Id*. ¶ 58.

During the pendency of this action, Mr. Severino received a letter signed by Defendant Futtner setting a definitive hearing date for January 5, 2023. *Id*. ¶ 66.

On January 5, 2023, Mr. Severino appeared before the Board. *Id*. ¶ 67. After hearing evidence from Mr. Severino and Attorney Daniel Foster on behalf of the City of Waterbury,

Defendants Futtner, Conrad, Johnson, Lewis, and Rosensweig voted 4-1 in favor of Mr. Severino receiving his pistol permit. *Id.* ¶¶ 69, 71–79.

Mr. Severino subsequently obtained his pistol permit in January or February 2023. *Id.* ¶ 81.

### B. Procedural History

On December 1, 2022, Mr. Severino filed his Complaint in this case. Compl., ECF No. 1.

On December 2, 2022, Mr. Severino filed an emergency motion for a preliminary injunction. Emergency Mot. for Preliminary Injunction, ECF No. 8.

On February 10, 2023, Mr. Severino filed a notice of voluntary dismissal of all claims in this action against Defendant Lamont, without prejudice, and against Defendant Spagnolo, with prejudice. Notices of Voluntary Dismissal, ECF Nos. 25, 26.

On February 15, 2023, Mr. Severino filed his Amended Complaint. Am. Compl.

On February 17, 2023, the parties filed a joint status report where Mr. Severino sought to withdraw his emergency motion for a preliminary injunction, and the Court dismissed Mr. Severino's motion without prejudice. Joint Status Report, ECF No. 31; Order Dismissing Without Prejudice Emergency Mot. for Preliminary Injunction, ECF No. 32.

On April 3, 2023, Defendants filed their motion to dismiss Mr. Severino's Amended Complaint. Mot. to Dismiss; Mem. in Supp. of Mot. to Dismiss, ECF No. 33-1 ("Mem.").

On April 24, 2023, Mr. Severino filed his opposition to Defendants' motion to dismiss. Obj. to Mot. to Dismiss, ECF No. 36 ("Opp'n").

On May 16, 2023, Defendants filed a reply in support of their motion to dismiss. Reply in Supp. of Mot. to Dismiss, ECF No. 39 ("Reply").

## II.   STANDARD OF REVIEW

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *Id*.

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The Court may also, however, resolve disputed jurisdictional fact issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

### B.  Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III. DISCUSSION

Defendants make several arguments in support of their motion to dismiss.[2] Mem.

First, Defendants argue that Mr. Severino lacks standing to bring his due process claim because it is premised on "alleged violations of the rights of a general class of unidentified third parties" and Mr. Severino does not allege to have third-party standing. Mem. at 5–6. Second, Defendants argue that Mr. Severino's due process claim and facial challenge to Conn. Gen. Stat. § 29-28 are moot because his injury was remedied, and no further practical relief is available to him. Mem. at 6–7. Third, Defendants argue that Mr. Severino's facial challenges to §§ 29-33(b), 29-35, and 29-36f are not ripe because Mr. Severino has not alleged any conduct implicating these statutes or that he is even subject to prosecution under pistol permitting laws. Mem. at 7–10. Fourth, Defendants argue that Mr. Severino's claims are barred by the Eleventh Amendment because all remaining defendants are state officers sued in their official capacities. Mem. at 11.

The Court will address each argument in turn.

### A. Standing

Standing is a constitutional requirement rooted in Article III of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). "Standing, moreover, like other jurisdictional inquiries, cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record." *Thompson v. Cty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (citation, internal quotation marks and alterations omitted). "The burden of establishing standing falls on the plaintiff, as it 'functions to

---

[2] At the outset of his memorandum in opposition of Defendants' motion to dismiss, Mr. Severino makes clear that he has not brought any claims for monetary damages, personal capacity claims, or state law claims. Opp'n at 5–7. Thus, the Court will not address Defendants' arguments regarding such claims.

6

ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake.'" *MHANY Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016).

Because federal courts are courts of limited jurisdiction, "[c]ustomarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case." *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996); *see also Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("[T]he court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.") (citing 5 WRIGHT & MILLER, FED. PRAC. & PROC. § 1350, 548 (1969)). Standing is a threshold issue that affects this Court's subject-matter jurisdiction, and thus the Court will address this issue before taking up other grounds for dismissal. *See Cantor Fitzgerald*, 88 F.3d at 155.

1. **Mootness**[3]

Article III of the United States Constitution, requires that "there be a live case or controversy at the time that a federal court decides [a] case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). As a result, when there is no "live case or controversy," meaning all of the relief requested has been granted, the case becomes moot. *See In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999) ("[A] case becomes moot . . . when it is impossible for the court to grant any effectual relief whatever to a prevailing party."); *see also Ziauddin v. Enzer*, No. 307-cv-993 (AHN), 2008

---

[3] Before addressing mootness, Defendants argue that Mr. Severino lacks the third-party standing required for him to bring his due process claim. Mem. at 5–6. In response, Mr. Severino argues that he never purported to bring a claim on behalf of third parties, and that Defendants conflated facts he alleged for the purpose of arguing the voluntary cessation exception to the mootness doctrine. Opp'n at 7. In light of this concession, the Court need not and does not address this specific standing argument, and instead will begin its analysis with the mootness doctrine.

WL 2078101, at *1 (D. Conn. May 14, 2008) (granting motion to dismiss and finding that "Ziauddin's petition is moot because the court could not grant him any effective relief, given that the adjustment application has now been adjudicated.").

Once the case becomes moot, federal courts lack subject matter jurisdiction over the lawsuit. *See New York City Employees' Retirement Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992) (finding the court lacked subject matter jurisdiction on account of the relief sought being secured in the interim).

Defendants argue that because the denial of Mr. Severino's pistol permit application was adjudicated and resolved in his favor, his due process and facial challenges to Conn. Gen. Stat. § 29-28 are moot. Mem. at 6–7.

In response, Mr. Severino argues that the "voluntary cessation" exception to the mootness doctrine applies to this case because "Defendants intentionally sought to escape judicial review by hearing and deciding [Mr.] Severino's appeal at the earliest possible time." Opp'n at 7–10.

The Court disagrees.

"The voluntary cessation of allegedly illegal activities will usually render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 446 (2d Cir. 2021) (quoting *Mhany Mgmt., Inc.*, 819 F.3d at 603). Whether it is reasonable to expect defendants' conduct to recur is reviewed for abuse of discretion. *See id.* (citing *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 647 n.3 (2d Cir. 1998)).

The inquiry is not only whether the alleged violation is likely to recur, but specifically whether it is "likely to recur against the plaintiff . . . ." *Espinoza v. Union of Am. Physicians &*

*Dentists, AFSCME Loc. 206*, No. 22-55331, 2023 WL 6971456, at *2 (9th Cir. Oct. 23, 2023); *compare Ahrens v. Bowen*, 852 F.2d 49, 53 (2d Cir. 1988) (determining that it was not clearly erroneous for the District Court to conclude that it was "far from remote or unlikely that the plaintiffs may again become recipients of punitive damages under New York Social Services Law § 131–o."), *with Taveras v. New York City*, No. 20 CIV. 1200 (KPF), 2023 WL 3026871, at *8 (S.D.N.Y. Apr. 20, 2023) ("The Court has no reason to suspect that Plaintiff will be injured again by the denial of a rifle/shotgun license." (citing *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020), *abrogated on other grounds by New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022))).

In *Taveras*, for example, in considering whether the voluntary cessation doctrine applied, the court did not consider whether the licensing structure was still in place, but whether the plaintiff would continue to be licensed under that structure. *Id*. at *8 ("[T]here is no indication that the NYPD will arbitrarily revoke, suspend, or refuse to renew his license in the future."). And "[b]y issuing Plaintiff a rifle/shotgun license, Defendants have not thwarted his ability to obtain relief; rather, they have provided him the very relief he [sought]." *Id*. As a result, the claim was moot. *Id*. at *9 ("Because a ruling in Plaintiff's favor would not alter his right to possess a rifle or shotgun within New York City, the Court lacks jurisdiction to issue Plaintiff declaratory or injunctive relief." (citation omitted)).

The same is true here. Because Mr. Severino now has his pistol permit, a court ruling in his favor would not alter the rights with respect to the pistol permit he now has. And nothing in this record suggests that the alleged violation will recur specifically against Mr. Severino, or that

9

Defendants will, or even have the authority to,[4] reverse course as to Mr. Severino's current pistol permit. *See Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 88 (2d Cir. 2005) ("A plaintiff must point to something more in the record to lift that possibility beyond the speculative.").

As a result, none of the injunctive or declaratory relief Mr. Severino requests as to his due process and § 29-28 claims, Compl. Prayer for Relief ¶¶ D, F, J, would grant any effectual relief as the Board adjudicated his appeal in his favor, and thus these claims are moot.[5] *See Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 223–24 (E.D.N.Y. 2021) (determining that claims were moot where petitions were adjudicated in the plaintiffs' favor).

Accordingly, the Court will grant Defendants' motion to dismiss as to Mr. Severino's due process and facial challenges to § 29-28.[6]

---

[4] Conn. Gen. Stat. § 29-32 provides for the revocation of "[a]ny state permit or temporary state permit for the carrying of any pistol or revolver . . . upon conviction of the holder of such permit of a felony or of any misdemeanor specified in subsection (b) of section 29-28 or upon the occurrence of any event which would have disqualified the holder from being issued the state permit or temporary state permit pursuant to subsection (b) of section 29-28." But these enumerated circumstances would require Mr. Severino to engage in this proscribed conduct before being subject to revocation. Because Mr. Severino has not alleged that he has engaged in such conduct, the threat of revocation remains speculative. Additionally, although Conn. Gen. Stat. § 29-32b provides that the "person aggrieved by the decision of the board may appeal therefrom in accordance with the provisions of section 4-183[,]" all deadlines by which Chief of Police Spagnolo could have brought appeal have long passed. *See* Conn. Gen. Stat. § 4-183 ("A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court . . . . [w]ithin forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, or (2) within forty-five days after the agency denies a petition for reconsideration of the final decision pursuant to subdivision (1) of subsection (a) of section 4-181a, or (3) within forty-five days after mailing of the final decision made after reconsideration pursuant to subdivisions (3) and (4) of subsection (a) of section 4-181a or, if there is no mailing, within forty-five days after personal delivery of the final decision made after reconsideration pursuant to said subdivisions, or (4) within forty-five days after the expiration of the ninety-day period required under subdivision (3) of subsection (a) of section 4-181a if the agency decides to reconsider the final decision and fails to render a decision made after reconsideration within such period, whichever is applicable and is later . . . .").

[5] Mr. Severino also argues that his challenge to § 29-28 is not moot because the challenge was limited only to its "suitability requirement." Mr. Severino makes no argument, nor cites any authority, as to why this limited challenge saves his claim from being moot. As the Court has not located any authority to support this contention, it finds that the limited nature of Mr. Severino's challenge does not change its mootness analysis.

[6] This includes the claim set forth in ¶ 91 of the Complaint where Mr. Severino cites § 29-35, then proceeds reference the language of § 29-28.

### 2. Ripeness

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Nat'l Park Hosp. Ass'n v. Dep't of the Interior*, 538 U.S. 803, 807–08, (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977)). "At its heart is whether we would benefit from deferring initial review until the claims we are called on to consider have arisen in a more concrete and final form." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005).

Defendants argue that "[m]erely alleging that one is afraid they might be prosecuted in the future is insufficient" to make Mr. Severino's claims under §§ 29-33(b), 29-35, and 29-36f ripe for review. Mem. at 8–9.

In response, Mr. Severino argues that his claims under §§ 29-33(b), 29-35, and 29-36f are ripe because he has alleged "an ongoing constitutional injury of concrete and particularized proportions." Opp'n at 13.

The Court disagrees.

"In its leading case on ripeness, the Supreme Court held that determining whether a dispute is ripe for review requires a two-pronged analysis of (1) whether the issues presented to the district court are fit for review, and (2) what hardship the parties will suffer in the absence of review." *Connecticut v. Duncan*, 612 F.3d 107, 113 (2d Cir. 2010) (citing *Abbott Labs.*, 387 U.S. at 148–49, *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

11

As to the first prong of the analysis, Mr. Severino argues that in the pre-enforcement context,[7] "a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

Under *Driehaus*, when an individual is subject to the threatened enforcement of a law, "an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." *Id*. at 158. Instead, "a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Id*. at 159 (quoting *Babbitt*, 442 U.S. at 298). There, an Article III injury, in fact, occurred because the plaintiff: (1) alleged "an intention to engage in a course of conduct arguably affected with a constitutional interest" by pleading the specific statements they intended to make that implicated the statute at issue; (2) established that the intended conduct was proscribed by the statute as the statute covered the subject matter of the petitioners' intended speech; and (3) demonstrated a threat of future enforcement through a history of past enforcement. *Id*. at 161–64.

But Mr. Severino does not allege even "an intention to engage in a course of conduct arguably affected with a constitutional interest." Although ¶¶ 26–43 of the Amended Complaint explain the statutory scheme of §§ 29-33, 29-35, and 29-36f, they are unrelated to Mr. Severino. Elsewhere in the Amended Complaint, Mr. Severino does state that:

---

[7] "Pre-enforcement challenges to criminal statutes are 'cognizable under Article III.'" *Picard v. Magliano*, 42 F.4th 89, 97 (2d Cir. 2022) (quoting *Cayuga Nation v. Tanner*, 824 F.3d 321, 331 (2d Cir. 2016)).

> Conn. Gen. Stat. §§ 29-35, 29-33, and 29-36f violate Severino's Second and Fourteenth Amendment rights by requiring him to obtain the Defendants' permission before he is allowed to purchase, keep, and bear pistols or revolvers, compelling him to pay for the Defendants' permission, requiring him to carry government permission with him at all times while bearing pistols or revolvers in public, and imposing felony consequences if he does not comply with those provisions.

Compl. ¶ 90. This allegation, however, does not state any intention, let alone an intention as particularized as the allegation in *Driehaus*, to purchase or receive a pistol under § 29-33; to carry a pistol or revolver outside of his home, his land, or his place of business under § 29-35; nor an intention to apply for an eligibility certificate for a pistol or revolver under § 29-36f.

Even if Mr. Severino had cleared this first hurdle, he also fails to allege facts sufficient to support a credible threat of prosecution or enforcement. "'The identification of a credible threat sufficient to satisfy the imminence requirement of injury in fact necessarily depends on the particular circumstances at issue,' and will not be found where 'plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible.'" *Tanner*, 824 F.3d at 331 (citing *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 384 (2d Cir. 2015). Mr. Severino does not allege any facts from which the Court could conclude that he has a credible threat of prosecution, particularly since he now has a pistol permit. *Cf. Knife Rts., Inc. v. Vance*, 802 F.3d 377, 385 (2d Cir. 2015) (recognizing credible threat of prosecution where the plaintiffs were previously charged with violating the statute); *Tanner*, 824 F.3d at 331 (recognizing credible threat of prosecution where a defendant announced its intention to enforce an ordinance against the plaintiff).

The charging of two other individuals under § 29-35, *see* Opp'n at 16, does not create a credible threat of prosecution for Mr. Severino. *See Younger v. Harris*, 401 U.S. 37, 41–42 (1971) (determining that the plaintiff's standing did not extend to intervenors who claimed a

13

credible threat of prosecution based on the plaintiff's pending prosecution); *see also Does 1–10 v. Suffolk Cnty., New York*, No. 21-1658, 2022 WL 2678876, at *3 (2d Cir. July 12, 2022) (declining to recognize credible threat of prosecution where the plaintiffs received a letter from the police department that they "may be subject to arrest and criminal charges" if they failed to present their weapons within fifteen days, but had not been contacted again after failing to comply). Thus, Mr. Severino's challenges to these statutes are not fit for review.

As to the second factor of the ripeness analysis, *see Duncan*, 612 F.3d at 115 ("[A]lthough the issues presented . . . are not yet fit for review, we still consider the hardship prong with the understanding that it alone can, if sufficiently weighty, render a claim ripe), without any allegations that Mr. Severino intends to engage in behavior contemplated by the relevant statutes, the Court cannot identify any harm that would result from the absence of the Court's review.

Accordingly, the Court will grant Defendants' motion to dismiss as to Mr. Severino's Second and Fourteenth Amendment and facial challenges to §§ 29-33, 29-35, and 29-36f.

### B. Sovereign Immunity

Defendants argue that if Mr. Severino has standing to raise his claims, they are nonetheless barred by the Eleventh Amendment. Mem. at 11. Because the Court determined that Mr. Severino does not have standing to raise his claims, it will not reach the issue of sovereign immunity.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED.** To the extent the deficiencies identified in the factual allegations in Mr. Severino's Amended Complaint can be remedied, he may move for leave to amend the Complaint by **February 23, 2024**.

If no proposed amended pleading is filed by that date, the Court will instruct the Clerk of Court to enter judgement and close this case.

**SO ORDERED** at New Haven, Connecticut, this 12th day of January, 2024.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE